IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

COLEEN L. POWERS,

    Plaintiff,

vs.                                      No. 08-2755-STA/tmp

UNITED STATES DEPARTMENT
OF LABOR, et al.,

    Defendants.

_____

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

_____

Plaintiff Coleen L. Powers, a resident of Memphis, Tennessee,
filed this complaint along with an application to proceed in forma
pauperis under 28 U.S.C. § 1915(a).  (Docket Entries ("D.E.") 1 &
2.)  The application to proceed in forma pauperis (D.E. 2) is
GRANTED. The Clerk shall record the defendants as the United States
Department of Labor ("DOL"), Elaine Chao in her personal and
official capacity as Secretary of the DOL, the DOL Occupational
Safety and Health Administration ("OSHA"), Region 4, Dennis
Russell, Michael Moon, Cindy Coe-Laseter, United States DOL
Administrative Review Board ("ARB"), Linda Chapman, Tennessee Civil
Service Commission Secretary Deborah E. Story, Assistant
Commissioner for the Tennessee Department of Personnel and General

Counsel S. Kae Carpenter, Tennessee Civil Service Commission Members, Tennessee Administrative Procedures Division Director Thomas G. Stovall, Charles C. Sullivan, II., Mattileyn B. Williams, E. Joseph Sanders, Tennessee Attorney General Paul Summers, Tennessee Secretary of State Riley Darnell, Lynn England, Randy Camp, Pollution Control Industries of Tenn. ("PCI"), LLC, PCI, Inc., Pinnacle Airlines, Inc., Pinnacle Airlines Corporation, and the United Steelworkers Union, formerly known as PACE.

The first issue to be considered is the identity of the plaintiff to this action. The complaint purports to be brought by Coleen L. Powers and "State of Tenn. Public Environmental TDEC Employees &/or Former Crewmembers." (D.E. 1 at 1.) The complaint is signed only by Coleen L. Powers. (D.E. 1 at 38.)

A party in federal court must proceed either through licensed counsel or on her own behalf. See 28 U.S.C. § 1654; see also Fed. R. Civ. P. 11(a) ("[e]very pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party"). No pro se plaintiff may sign pleadings on behalf of another plaintiff. Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, '[h]e has no authority to appear as an attorney for others than himself.'"); Mikeska v. Collins, 928 F.2d 126 (5th Cir. 1991); Bonacci v. Kindt,

868 F.2d 1442, 1443 (5th Cir. 1989). Accordingly, Powers is the only Plaintiff in this action.

The next matter to be considered is whether Plaintiff Powers may prosecute this case as a class action. Just as a pro se plaintiff cannot represent another named individual, a pro se plaintiff cannot prosecute a class action. A pro se litigant is not an adequate class representative. Palasty v. Hawk, 15 Fed. Appx. 197, 200 (6th Cir. June 20, 2001) ("In this case no representative party was available because pro se prisoners are not able to represent fairly the class."); Ballard v. Campbell, No. 98-6156, 1999 WL 777435, at *1 (6th Cir. Sept. 21, 1999); Giorgio v. Tennessee Dep't of Human Servs., No. 95-6327, 1996 WL 447656, at *1 (6th Cir. Aug. 7, 1996) ("Because a layman does not ordinarily possess the legal training and expertise necessary to protect the interests of a proposed class, courts are reluctant to certify a class represented by a pro se litigant."); see also Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam). Plaintiff is not a licensed attorney, cannot carry insurance, and is not subject to suit by the other class members for any mistakes she may make in handling this case. Other potential class members should not be exposed to the risk that those errors could prejudice their claims and leave them without any remedy. The request to prosecute the case as a class action, or otherwise on behalf of other similarly situated individuals, is DENIED.

Powers filed a previous complaint against most of these defendants. <u>Powers v. NWA, et al.</u>, No. 05-2468-STA/tmp (W.D. Tenn. Aug. 26, 2008). On February 26, 2006, United States District Judge J. Daniel Breen entered an order which stated:

> The complaint in this action fails to comply with the Federal Rules of Civil Procedure. In particular, Fed. R. Civ. P. 8(a) requires "[a] pleading which sets forth a claim for relief" to contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends" and "(2) a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint in this action does not satisfy either provision.
>
> Plaintiff's complaint does not adequately allege the grounds upon which this Court's jurisdiction depends, as required by Fed. R. Civ. P. 8(a)(1). The complaint purports to be brought pursuant to 29 C.F.R. § 1980.114(a). Part 1980 of 29 C.F.R.
>
>> implements procedures under section 806 of the Corporate and Criminal Fraud Accountability Act of 2002, Title VIII of the Sarbanes-Oxley Act of 2002 ("Sarbanes-Oxley" or "Act"), enacted into law July 30, 2002. Sarbanes-Oxley provides for employee protection from discrimination by companies and representatives of companies because the employee has engaged in protected activity pertaining to a violation or alleged violation of 18 U.S.C. 1341, 1343, 1344, or 1348, or any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders.
>
> 29 C.F.R. § 1980.100(a) (2004). The regulations were implemented pursuant to 18 U.S.C. § 1514A, which provides a cause of action for employees of publicly traded companies who have been retaliated against for acting as "whistleblowers" with respect to certain types of fraud.
>
> Pursuant to 29 C.F.R. § 1980.103(a), an employee may file a complaint of discrimination against her employer or a

company representative. In this case, the plaintiff's complaint does not identify her employer and does not identify any company representative who is alleged to have retaliated against her for her whistleblowing activities.[1] The Court is, therefore, unable to ascertain which of the forty-five (45) parties to this lawsuit have been sued pursuant to 18 U.S.C. § 1514A. The Court is also unable to evaluate the nature of the plaintiff's claim pursuant to 29 C.F.R. § 1980.114(a).

Moreover, it is readily apparent that plaintiff's claims are not limited to a violation of 18 U.S.C. § 1514A. Instead, the complaint purports to assert seventeen counts (Compl., ¶¶ 110-127), without specifying which of the numerous defendants is sued in each count. Moreover, apart from count one, which purports to arise under 29 C.F.R. Parts 24, 1979, and 1980, it is not clear whether any of the other counts arise under federal law and, therefore, whether they provide a basis for federal subject-matter jurisdiction.

It is also unclear how many of the plaintiff's factual allegations, with their scattered references to federal law, have any bearing on the claims asserted in this action. Thus, for example, the complaint alleges, vaguely, that the plaintiff filed administrative complaints for "appearances of illegal insider trading, violations of the Fair Labor Standards Act, violations of the FAA federal aviation regulations, {FARS} [sic], violations of US DOT TSA Security directives, and violations of the EPA environmental statutes." Compl., ¶ 5. Likewise, the complaint refers to

> claimed concerns and illegal retaliation by named persons on Plaintiffs [sic] concerns and complaints made on the appearances of labor racketeering among the airline industry, PACE International Union, and Pollution Control Industries [PCI]. {Taft-Hartley Act / LMDRA} [sic]. [The plaintiff's administrative complaints] also contained allegations of collusion, conspiracy, and co-conspiracy to

---

[1] Exhibit B to the complaint refers to publicly available documents concerning the complaint Plaintiff filed with OSHA on December 27, 2004 pursuant to 29 C.F.R. § 1980.103. Plaintiff has not attached a copy of that complaint. It is not clear whether this complaint is among those the plaintiff purports to "remove" to federal court. Compl., § 4.

> commit acts that are illegal and in
> furtherance of financial harm, defamation, and
> intentional emotional duress to
> Plaintiff/Crewmember Powers for these
> protected activities.

Id.; see also, e.g., id., ¶¶ 25, 35, 44, 46, 57, 58, 60,
61, 63, 64, 65, 91, 101, 104. The procedural discussion
in the complaint does not make clear which of these
administrative proceedings are at issue in this action.
See id., ¶ 4. Likewise, although the complaint expresses
the plaintiff's desire to "remand" certain actions that
are pending in the United States Court of Appeals for the
Sixth Circuit, docket numbers 04-4441 and 05-3266, for a
consolidated hearing, id., ¶¶ 16, 72, those cases did not
originate in this district and the plaintiff has not
cited any basis for the assumption of subject-matter
jurisdiction over them.

Likewise, the complaint in this case does not comply with
Fed. R. Civ. P. 8(a)(2), which requires "a short and
plain statement of the claim showing that the pleader is
entitled to relief." The factual narrative in this
thirty-nine (39) page, one hundred thirty-three (133)
paragraph complaint is incomprehensible. As a preliminary
matter, the factual allegations, which encompass
approximately a six-year period, are not arranged
chronologically. Moreover, the complaint mingles
allegations concerning the plaintiff's wide-ranging
complaints about illegal actions allegedly performed
during the plaintiff's employment as a crewmember with
one or more of the airline defendants, with seemingly
unrelated claims concerning the plaintiff's prior
employment as a hazardous waste inspector/investigator
with the Tennessee Department of Environment and
Conservation ("TDEC"), which was terminated in 2001. The
complaint attempts to find some linkage between the
plaintiff's termination from the TDEC and her subsequent
termination from whichever airline employed her. Compl.,
¶¶ 66, 68. Likewise, it appears that the plaintiff is
attempting, somehow, to connect the airline defendants to
alleged whistleblowing activity in the plaintiff's
employment with the TDEC, id., ¶¶ 77-81, but it is not
clear what these allegations have to do with any claim
asserted by this plaintiff.

The complaint, as drafted, presents this Court with a
management problem since "the pleading is so verbose that

the Court cannot identify with clarity the claim(s) of the pleader and adjudicate such claim(s) understandingly on the merits." Harrell v. Directors of Bur. of Narcotics & Dangerous Drugs, 70 F.R.D. 444, 446 (E.D. Tenn. 1975); see also Flayter v. Wisconsin Dep't of Corrections, 16 Fed. Appx. 507, 509 (7th Cir. Aug. 17, 2001) (dismissing 116-page complaint pursuant to Rule 8(a)(2)); Vicom v. Harbridge Merchant Servs., Inc., 20 F.3d 771, 775-76 (7th Cir. 1994) (criticizing district court for declining to dismiss amended complaint with prejudice pursuant to Rule 8(a); noting that "[a] complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation); Plymale v. Freeman, No. 90-2202, 1991 WL 54882 (6th Cir. Apr. 12, 1991); Jennings v. Emry, 910 F.2d 1434, 1435 (7th Cir. 1990) ("A . . . complaint must be presented with intelligibility sufficient 'for a court or opposing party to understand whether a valid claim is presented and if so what it is.' . . . And it must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search of that understanding.") (citations omitted); Salahuddin v. Cuomo, 861 F.2d 40 (2d Cir. 1988); Michaelis v. Nebraska State Bar Ass'n, 717 F.2d 437, 438-39 (8th Cir. 1983) (per curiam); Gordon v. Green, 602 F.2d 743 (5th Cir. 1979); Windsow v. A Federal Executive Agency, 614 F. Supp. 1255 (M.D. Tenn. 1983 (ordering plaintiff to amend his complaint to comply with Rule 8).

Accordingly, the plaintiff is ORDERED, within thirty (30) days of the date of entry of this order, to submit an amended complaint that complies with Rule 8 of the Federal Rules of Civil Procedure. The amendment must be typed or hand printed on 8½ by 11 inch paper, one side to a sheet. The plaintiff must personally sign the amendment. Apart from the deficiencies that are addressed supra, the amendment must, at a minimum, identify each administrative proceeding that is being "removed" to federal court, including the subject-matter of each such proceeding and the parties involved. With respect to each additional claim asserted, the amended complaint must (I) identify the basis for federal jurisdiction; (ii) state the parties who are sued; (iii) identify any state or federal statute under which the claim arises; and (iv) provide a short and plain statement of the factual basis for the claim.

A failure to timely file an amended complaint in response to this order will result in the dismissal of the complaint in its entirety and without prejudice, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

Powers, No. 05-2468-STA/tmp, D.E. 15 at 7-12.

Rather than comply with the Court's order, Plaintiff bombarded the Court with copies of documents from other administrative proceedings and court cases and was enjoined from filing additional exhibits until she filed the amended complaint. Powers, No. 05-2468-STA/tmp, D.E. 46 at 1-2. Judge Breen denied Powers motion for reconsideration in an order stating, in part:

As Powers has pointed out, Mot., ¶ 13(8), the complaint in this case identifies several administrative proceedings by docket number, see Compl., ¶ 4 (ARB cases 04-111, 05-022, 03-061, and 03-125), each of which she presumably seeks to remove pursuant to 29 C.F.R. § 1980.114(a). However, the allegations concerning these four proceedings are inadequate because: (i) plaintiff has not attached copies of the complaints in those cases, making it impossible for the Court to confirm that they were brought pursuant to the SOX (and, therefore, removable to federal court)[2] and to identify the parties

_____

[2] By way of example, ¶ 5 of the complaint refers to an administrative complaint filed by the plaintiff with the Assistant Secretary on December 27, 2004 (which may or may not be one of the cases identified in ¶ 4), that purports to bring claims pursuant to

illegal employment discrimination for past and current protected activities related to pursuit of administrative complaints that involve securities, including appearances of illegal insider trading, violations of the Fair Labor Standards Act, violations of the FAA federal aviation regulations,{FARS} [sic], violations of US DOT TSA Security directives, and violations of the EPA environmental statutes. . . . It also claimed concerns and illegal retaliation by named persons on Plaintiffs [sic] concerns and complaints made on the appearance of labor racketeering among the airline industry, PACE International Union, and Pollution Control Industries [PCI]. {Taft-Hartley Act / LMDRA}. It also contained allegations of collusion, conspiracy, and co-conspiracy to commit acts that are illegal and in furtherance of financial harm, defamation, and intentional emotional distress to Plaintiff/Crewmember Powers for these protected activities.

to those cases[3] and the claims asserted therein; and (ii) the complaint does not set forth, with respect to each such administrative proceeding plaintiff seeks to remove to the federal court, the date on which the proceeding was commenced, any and all administrative docket number assigned to the proceeding,[4] and the status of the proceeding at the time this action was commenced. At the present time, therefore, the Court is unable to confirm that it has subject-matter jurisdiction over any SOX claim pursuant to 29 C.F.R. § 1980.114(a).[5]

---

Most of these subjects do not pertain to a claim of illegal retaliation under SOX and do not appear to be removable to federal court under § 1980.114(a).

[3] Pursuant to 29 C.F.R. § 1980.108(a)(1), "[t]he complainant and the named person will be parties in every proceeding. At the Assistant Secretary's discretion, the Assistant Secretary may participate as a party or as amicus curiae at any time at any stage of the proceedings." The Assistant Secretary is not named as a party to this action. The regulations do not appear to contemplate a SOX claim against, inter alia, the United States Department of Labor ("USDOL"), Occupational Safety and Health Administration ("OSHA"), Region 4; the USDOL, Office of Administrative Law Judges ("OALJ"); the USDOL, ARB; Dennis Russell; Michael Moon; Cindy Coe-Laseter; or Elaine Chao, the Secretary of the USDOL.

Moreover, the administrative complaint may only be brought against "named person[s]," who are defined as "the employer and/or the company or company representative named in the complaint who is alleged to have violated the Act." 29 C.F.R. § 1980.101. A "company representative" is "any officer, employee, contractor, subcontractor, or agent of a company." Id. This suggests, at a minimum, that Tennessee Attorney General Paul Summers; Tennessee Assistant Attorney General Brandy Gagliano; the Office of the Tennessee Secretary of State, Administrative Procedures Division ("APD"); Charles C. Sullivan, II; the Office of the General Counsel, Tennessee Department of Environment and Conservation ("TDEC"); Kim L. Kirk; Tennessee Department of Labor and Workforce Development, Board of Review ("TDLWFD, BOR"); Suzanne J. Stamps; and Michael E. Magill, a former Commissioner of the TDLWFD, are not proper parties to any SOX claim.

[4] It appears that the proceedings are assigned a docket number when first commenced before the Assistant Secretary, another docket number when under review by the OALJ, and a third docket number when under review by the Board. The complaint does not correlate these numbers for each administrative complaint, making it impossible to track the allegations in the complaint for any particular administrative proceeding.

[5] Moreover, although ¶¶ 16 and 72 of the complaint expresses the plaintiff's desire to "remand" certain actions pending in the United States Court of Appeals for the Sixth Circuit, docket numbers 04-4441 and 05-3266, which may or may not be appeals of any of the four cases identified in ¶ 4 of the complaint, this Court does not appear to have the authority to do that. 29 C.F.R. § 1980.112(a); see supra p. 8. Instead, it appears that federal district courts have subject-matter jurisdiction of SOX claims only when an action is commenced pursuant to 29 C.F.R. § 1980.114(a).

> The other bases of federal jurisdiction cited by the
> plaintiff are of no assistance to her.[6] The general
> federal question jurisdiction statute, 28 U.S.C. § 1331,
> is applicable only when the plaintiff sues under a
> federal statute providing a private right of action. Of
> the seventeen claims asserted in the complaint, it is not
> clear whether counts 2, 3, 4, 6, 8, 9, 10, 11, and 13 are
> based on statute or common law, or even whether they
> purport to arise under federal or state law.[7]

Powers, No. 05-2468-STA/tmp, D.E. 48 at 8-10. Plaintiff then

attempted to remove a pending Shelby County Chancery Court action

for the denial of her application for unemployment compensation

after her termination from the TDEC in late 2001. She was advised

that there was "no original federal jurisdiction over this state-

law claim against a state agency and, therefore, the Chancery Court

action is not removable." Powers, No. 05-2468-STA/tmp, D.E. 56 at

6-7.

On August 22, 2006, Judge Breen entered an order that, inter

alia, denied Plaintiff leave to file additional documents from

other administrative and judicial proceedings, Powers, No. 05-2468-

STA/tmp, D.E. 68 at 2-3, and granted Plaintiff a final, thirty (30)

day extension of time to file her amended complaint (id. at 3-4).

The order further provided as follows:

> In the event the plaintiff fails to timely submit an
> amended complaint that complies with the Federal Rules of
> Civil Procedure, the Court will dismiss the action for
> lack of subject-matter jurisdiction and pursuant to Fed.
> R. Civ. P. 8(a)(1) & (2).

---

[6]     One statute cited by the plaintiff, 28 U.S.C. § 1434, does not exist.

[7]     Counts 5 and 14-17 arise under state law and, therefore, provides no
independent basis for federal subject-matter jurisdiction.

The requirements for the amended complaint are set forth in the orders issued on February 23, 2006 (D.E. 15) and on April 13, 2006 (D.E. 48), which will not be repeated here. With the sole exception set forth _infra_, Powers' claims against each defendant must be contained in the text of the amended complaint and cannot be incorporated by reference to any other document. The plaintiff **_must_** attach, as exhibits to her amended complaint, copies of any administrative complaint that she seeks to remove to this Court.

. . . The Clerk is directed not to accept for filing an amended complaint that purports to be brought by or on behalf of any person other than Powers, including, without limitation, Blodgett.

_Powers_, No. 05-2468-STA/tmp, _Id._ at 4-5 (footnote omitted; emphasis in original).

Judge Breen issued an order on September 22, 2006 that provided additional instructions to the Clerk about Plaintiff's filing restrictions:

It appears that the Court has precluded Powers from filing a class action complaint but has, _sub silentio_, permitted the filing of motions on behalf of a class. As the instant motion purports to be brought on behalf of a class, and as the Court has held that _pro se_ litigants may not prosecute class actions, the Clerk is ORDERED not to accept for filing any further documents submitted by Powers that purport to be brought by or on behalf of any person other than Powers.

_Powers_, No. 05-2468-STA/tmp, D.E. 72 at 2-3.

Plaintiff's amended complaint was due September 25, 2006. On September 21, 2006, Plaintiff filed a document, entitled "Plaintiffs [sic] Partial Concerns & Objections to the Erroneous District Court Order Identified as 'DE 68', POSTMARKED August 23, 2006 with Plaintiffs [sic] _Accompanying Motions_ for Reconsideration

and Entry of an Amended Order, *Motion for Enlargement of Time* to Try to Adequately and Fully Address All the Erroneous and Confusing Contentions in this Erroneous District Court Order & Motion for Entry of Order of Clarification and Order Granting this Motion for an Enlargement of Time With Request for Hearing & Oral Argument; Motion for Mandatory Judicial Notice of Law and Adjudicative Facts Pursuant to Fed. R. Evidence, Rules 201(a)-(d), (e) (f), and Rule 1101(a)(b)(e)." Powers, No. 05-2468-STA/tmp, D.E. 71. That document listed the plaintiffs as "COLEEN L. POWERS, And Others Similarly Situated" contrary to the instructions discussed supra. Exhibit B to that motion was a copy of an order issued by a U.S. Department of Labor Administrative Law Judge in an administrative proceeding filed by Plaintiff. Powers, No. 05-2468-STA/tmp, Id. at 21-31. The attachment was filed in violation of the order issued on April 7, 2006. Powers, No. 05-2468-STA/tmp, D.E. 46 at 3-4.

On February 28, 2008, Judge Breen directed the Clerk to STRIKE D.E. 71 from the docket and dismissed the complaint in its entirety and with prejudice (with the sole exception of a single Sarbanes-Onley claim of discrimination), pursuant to Fed. R. Civ. P. 12(b)(1) & (h)(3), Fed. R. Civ. P. 8(a)(1) & (2), and 41(b). Powers, No. 05-2468-STA/tmp, D.E. 76 at 7-9.

On March 25, 2008, Judge Breen entered an order clarifying why various documents submitted by Plaintiff had been rejected by the Clerk and why all claims except one were dismissed with prejudice

in the February 28, 2008 order, and imposing additional restrictions on Plaintiff's filing privileges. <u>Powers</u>, No. 05-2468-STA/tmp, D.E. 82. That order stated, in part:

> Since the entry of the February 28, 2008 order, Plaintiff has submitted a large volume of documents, none of which have been filed by the Clerk because of the restrictions previously imposed, and has also initiated <u>ex parte</u> communications with this judge by email and with Court staff by letter and telephone, notwithstanding the express prohibition on such contacts in the Court's local rules and the February 28, 2008 order. (<u>See</u> D.E. 76 at 10; D.E. 81 at 6-7.)

> On March 14, 2008, Plaintiff submitted to the Clerk a motion to reconsider the February 28, 2008 order. That document was not filed because it reiterated Plaintiff's objection to the dismissal of the claims asserted on behalf of Blodgett and the proposed class, because it sought to reassert claims on behalf of Blodgett, which the Court previously made abundantly clear could not be litigated in this action, and because it contained an improper request to file under seal. (<u>See</u> D.E. 81 at 7.)

> On March 17, 2008, Plaintiff submitted what was labeled an eighth amended complaint, without leave of Court. That proposed pleading sought to reassert all the claims that were dismissed with prejudice by the February 28, 2008 order and previous orders, including the claims brought by Blodgett and those contained in an action Plaintiff filed in the Shelby County Chancery Court that she improperly sought to remove to federal court. (<u>See</u> D.E. 56.) That document was not filed because Plaintiff did not seek leave of Court, as required by Fed. R. Civ. P. 15(a), and because the document violated numerous restrictions imposed by the Court.

> On March 20, 2008, Plaintiff sent an <u>ex parte</u> communication to the judge's electronic case filing ("ECF") mailbox, despite the direction in the March 14, 2008 order that "Plaintiff may not submit documents by email, either directly to this judge or to the Court's ECF mailbox, and may not communicate with this judge by email." (D.E. 81 at 6-7.) That communication included copies of the documents that were rejected by the Clerk and other matters not submitted to the Clerk for filing.

Although the Clerk properly rejected each of the documents submitted by Plaintiff, the Court will briefly address the reasons why the February 28, 2008 order dismissed various claims with prejudice after advising Plaintiff that a failure timely to file an amended complaint would result in a dismissal of the action as a whole, without prejudice, for failure to prosecute.

An action may be dismissed under Fed. R. Civ. P. 41(b) "if the plaintiff fails to prosecute or to comply with these rules or a court order." The February 23, 2006 order directed Plaintiff to file an amended complaint and further advised her that "[a] failure to timely file an amended complaint in response to this order will result in the dismissal of the complaint in its entirety and without prejudice, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute." (D.E. 15 at 12.) That order contemplated that the action would be dismissed without prejudice if (i) Plaintiff entirely failed to file an amended complaint, because she abandoned the case or was unable to comply by the deadline, after any extensions; or (ii) Plaintiff, in a good faith attempt to comply, filed an amended complaint that, despite her best efforts, nonetheless did not substantially comply with the Court's order. See, e.g., Taylor-Shelby v. United States, No. 07-5348, slip op. at 3 (6th Cir. Jan. 28, 2008). This case is dissimilar from cases such as Taylor-Shelby for several reasons.

In contrast to Taylor-Shelby, the Court did not dismiss the case "in its entirety" but, rather, allowed Plaintiff the opportunity to pursue the one claim that arguably was clearly asserted in the original complaint, the SOX claim that had been filed with the Secretary of Labor on June 15, 2004. The Court took that action in order to avoid the preclusive effect even a dismissal without prejudice would likely have on Plaintiff's ability to litigate that claim.

As for the remaining claims, Plaintiff's case is distinguishable from a case such as Taylor-Shelby, where the Plaintiff filed an amended complaint that did not substantially comply with Fed. R. Civ. P. 8(a) and 10(b), because the Plaintiff's amended complaint was rejected by the Clerk because it was submitted in defiance of previous orders, well known to Plaintiff, that prohibited her from attempting to litigate on behalf of any person other than herself. (D.E. 76 at 7; see also id. at 5-6.)

District courts have the inherent authority, in appropriate cases, to dismiss actions pending before them with sua sponte and with prejudice, pursuant to Fed. R. Civ. P. 41(b). Link v. Wabash R.R. Co., 370 U.S. 626, 629-32 (1962). In reviewing a district court's dismissal under Rule 41(b), the Sixth Circuit considers four factors:

"(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered."

United States v. Reyes, 307 F.3d 451, 458 (6th Cir. 2002) (quoting Knoll v. American Tel. & Telegraph Co., 176 F.3d 359, 363 (6th Cir. 1999)). "Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." Id. Plaintiff "has the burden of showing that [her] failure to comply was due to inability, not wilfulness or bad faith." Id.

In this case, the Court concluded that Plaintiff's submission of a proposed amended complaint on September 25, 2006 on behalf of Blodgett and a putative class was willful and done in bad faith. As discussed in the February 28, 2008 order (D.E. 76 at 5-6), the Court had addressed the status of Blodgett, and of Plaintiff's attempts to bring an action on behalf of a class, in several orders, culminating with a direction to the Clerk "not to accept for filing an amended complaint that purports to be brought by or on behalf of any person other than Powers, including, without limitation, Blodgett." (Id. at 6 (quoting D.E. 68 at 5).) In her motion for reconsideration, Plaintiff asserts, without elaboration, that she did not wilfully disobey any court order, but that assertion is flatly inconsistent with the explicit directions to Plaintiff in the previous orders. This factor weighs in favor of dismissal.

The second factor, prejudice to the adverse parties, also weighs in favor of dismissal. Plaintiff was put on notice, no later than February 23, 2006, that her complaint, as submitted, was intelligible and that "the sheer number of parties to this action, coupled with the

pleading deficiencies of the complaint . . . , render it impossible for the Court to assess the merits of the case." (D.E. 15 at 6; see also id. at 9-10; D.E. 48 at 2-3.) Rather than attempting promptly to file an amended complaint to correct those deficiencies in order promptly to proceed to the merits of the case, Plaintiff has instead devoted her efforts to a scorched earth battle with the Court, in an effort to evade the various orders issued. This matter has been pending for a substantial time and, despite Plaintiff's complaints about the delay, she has constructively refused to litigate her claims until the Court rescind each and every order with which she is dissatisfied. The sole remaining defendant has not been served and, despite the February 28, 2008 order, Plaintiff has not obtained a summons from the Clerk to effect service on Pinnacle.

The third factor is whether the dismissed party was warned that failure to cooperate could lead to dismissal. As previously stated, see supra p. 3, Plaintiff was aware that, if she did not comply with the February 23, 2006 order, the action would be dismissed. Although Plaintiff was not given explicit notice the dismissal would be with prejudice, the previous warnings did not contemplate the situation that ensued on September 25, 2006, when Plaintiff's amended complaint was rejected because of her willful defiance of an explicit prohibition on attempting to litigate on behalf of persons other than herself. Moreover, rather than dismiss the entire action without prejudice, which would likely, as a practical matter, prevent Plaintiff from litigating the merits of the June 15, 2004 SOX claim, the Court chose to permit Plaintiff to pursue that claim despite her failure to comply with the February 23, 2006 order. The Court was aware, however, that, if the remaining claims were dismissed without prejudice, Plaintiff would continue to litigate those claims rather than focusing on the June 15, 2004 SOX claim.[8]

The fourth factor to consider is whether lesser sanctions were considered. Before dismissing these claims with prejudice, the Court issued repeated orders concerning the conduct of this litigation, to little effect. The Court considered imposition of a monetary

---

[8]    Indeed, as previously noted, see supra p. 2, Plaintiff has submitted another amended complaint despite the fact that the deadline for such submission passed on September 25, 2006.

fine but has accepted Plaintiff's representation that she is indigent. (See, e.g., D.E. 50.) A criminal contempt proceeding also would not appear warranted in this case. Finally, the Court considers that permitting Plaintiff to proceed on the merits of her SOX claims is, in effect, a lesser sanction than the dismissal of the entire action because of the likelihood that any claims asserted by Plaintiff would be time barred should she attempt to refile.

For the foregoing reasons, the Court REITERATES the dismissal with prejudice of each and every claim asserted by Plaintiff with the sole exception of the June 15, 2004 SOX claim against Pinnacle.

It is, unfortunately, necessary once again to address Plaintiff's conduct in this litigation. The following restrictions were previously imposed on Plaintiff:

    1.   The Clerk is directed not to accept for filing any document submitted by Plaintiff that purports to be signed by or on behalf of any person other than Coleen L. Powers. Plaintiff will not be permitted to circumvent this Court's orders concerning the parties to this action by presenting a document with a proper caption that is signed by or on behalf of nonparties, including but not limited to Blodgett, or on behalf of a class.

    . . . .

    6.   Plaintiff is cautioned that ex parte communications with judges and Court employees are improper. (See Local Rule 83.5.)

    7.   All documents submitted by Plaintiff in this litigation must be submitted **only** to the Clerk. Pursuant to § 3.3 of this district's ECF Policies and Procedures, pro se litigants may not use electronic case filing. A personal email message also constitutes an improper ex parte communication. Plaintiff may not submit documents by email, either directly to this judge or to the Court's ECF mailbox, and may not communicate with this judge by email.

8. This case, which asserts a SOX claim against Pinnacle contained in the June 15, 2004 administrative complaint, does not appear to require that any document submitted by Plaintiff be filed under seal. The Clerk is directed not to accept for filing any document submitted by Plaintiff that contains a request that it be filed under seal.[9]

9. Powers' objection to being named the sole plaintiff in this action is noted. It is unnecessary to revisit this objection with each filing. Plaintiff is advised that any further documents submitted for filing that reiterate that objection will not be filed. Any document filed in error will be stricken.

(D.E. 76 at 10; D.E. 81 at 6-7.)

The motion for reconsideration and proposed amended complaint were submitted in violation of the restrictions imposed in each of the above paragraphs. Moreover, despite the ban on _ex parte_ communications in ¶ 6 and the issuance of the March 14, 2008 order (D.E. 81), Plaintiff has telephoned and written to Court staff concerning the duplicate, chambers copies of documents that she was advised would be disposed of if she did not promptly retrieve them from the Clerk. **The Court REITERATES each of the restrictions set forth in the Court's previous orders.** Plaintiff is expressly cautioned not to email any documents to this judge or to the Court's ECF mailbox, under any circumstances whatsoever. Plaintiff is further NOTIFIED that any _ex parte_ communications with Court staff is inappropriate and must cease.[10] **Plaintiff is NOTIFIED that further violation of these restrictions WILL result in dismissal of this action, in its entirety and with prejudice.**

In the February 28, 2008 order, Plaintiff was advised that she had thirty (30) days to obtain a summons

---

[9]     The Court may revisit the restriction if discovery is taken and Plaintiff has a need to file an exhibit to a motion that contains her own sensitive medical or financial information.

[10]     Plaintiff is further notified that the duplicate, chambers copies of the documents were destroyed on the date specified in the February 19, 2008 order.

(D.E. 76 at 8) and that the time limit set forth in Feb. R. Civ. P. 4(m) commenced to run on February 28, 2008. <u>This order does not extend either of those time limits</u>.

<u>Powers</u>, No. 05-2468-STA/tmp, D.E. 82 at 1-10.

Despite Judge Breen's explanation for the dismissal of the claims and additional restrictions, Plaintiff Powers filed additional motions seeking to amend her complaint. On April 16, 2008, Judge Breen denied the motions, stating:

> Plaintiff Coleen L. Powers filed two motions on April 8, 2008. The first motion is entitled "Pro Se Plaintiff Powers' 1) <u>Motion</u> for Entry of Court Order to Direct the Clerk to File Pro Se Plaintiff Powers Good Faith, Timely Filed Sept. 24, 2006, 5th Amendment & Supplemental Pleading (and attached exhibits designated as 'D', 'E', 'F', 'G', 'H', and Collective Exhibit 'I' (in three parts, I II, III)) <u>Nunc Pro Tunc</u> as a Matter of Substantive of Substantive Due Process and Because Justice So Requires and 2) Pro Se Plaintiff Powers Accompanying <u>Motion for Leave of Court</u> to File a 9th Amendment & Supplemental Pleading Because Justice So Requires." (Docket Entry ("D.E.") 88).) Although the motion is extremely unclear, it appears that Plaintiff seeks, once again, an order directing the Clerk to file the proposed amended complaint submitted by Plaintiff on September 25, 2006, in response to the Court's order directing her to file an amended complaint, that was rejected by the Clerk because it purported to be brought on behalf of persons other than Powers, in defiance of orders previously issued. The March 25, 2008 order makes clear that Plaintiff may not refile the claims that were dismissed with prejudice in the order issued on February 28, 2008 because "Plaintiff's submission of a proposed amended complaint on September 25, 2006 on behalf of Blodgett and a putative class was willful and done in bad faith." (D.E. 82 at 5.) Permitting Plaintiff to amend her complaint to reassert claims that have been dismissed because of her willful and deliberate failure to comply with a court order would undermine the Court's ability to manage its docket and ensure compliance with its

19

orders.[11] The motion is DENIED. The only claim remaining in this action is the SOX claim against Pinnacle Airlines, Inc. The Court will not grant leave to amend to assert any additional claims against Pinnacle Airlines, Inc. or any other person or entity.

The second document filed by Plaintiff on April 8, 2008 is entitled "Pro se Plaintiff Powers' NOTICE OF GOOD FAITH, DILIGENT FILING 1) Manually AMENDED Caption and Signature Pages to the Sept. 25, 2006, 5th Amendment & Supplemental Pleading to the June 30, 2005 *Consolidated Complaint of Illegal Employment Discrimination and Notice of Removal to Federal Court"*, and the October 13, 2006 motions and papers scanned-in and filed with the Clerk pursuant to Rule 11 and the district court's confusing March 25, 2008 "ORDER OF CLARIFICATION..." (D.E. 82)[; and] 2) Pro Se Plaintiff Powers' Motion for Court to AMEND CAPTION OF SUMMONS Re-Issued By Clerk on March 27, 2008." (D.E. 87.) To the extent Plaintiff seeks leave to file papers that were rejected by the Clerk on September

---

[11] Plaintiff argues that she should be permitted to litigate the other SOX proceedings she contends she removed to federal court, but she did not comply with the Court's order to file an amended complaint that attached copies of those administrative complaints. The Court has allowed Plaintiff to pursue the one remaining removed administrative complaint only because a copy of that complaint was previously submitted. If that complaint had not been already in the record, and if Plaintiff had not pointed out that fact, the entire action would have been dismissed when Plaintiff's proposed amended complaint was rejected on or about September 25, 2006.

Plaintiff's request for clarification as to the reason why Defendant Chao was dismissed and Pinnacle Airlines, Inc. substituted as a party (D.E. 88 at 5 n.2A) is unnecessary, as the explanation is provided on the first page of the March 14, 2008 order. (D.E. 81 at 1.) Plaintiff's statement that she "was physically in the Clerk's office on March 14, 2008 and overheard staff asking other staff if there was any word from the AGO" (D.E. 88 at 5 n.2A) is incomprehensible and, to the extent it suggests any improper conduct by any other party, is false. The February 28, 2008 order contained a legal error as to the proper party to a SOX claim, which was promptly corrected.

In this motion, Plaintiff continues to press claims on behalf of James G. Blodgett, Jr., claiming, now, not to understand whether the Court "has prohibited pro se Plaintiff James G. Blodgett, Jr. from forever re-joining and if so, when and where is that clear district court prohibition and on what legal ground." (D.E. 88 at 5 n.2.) In the order issued on April 7, 2006, the Court stated that, "[e]ven if Blodgett were personally to sign each and every document filed by him, the Court still would not permit him to continue as a party to this lawsuit." (D.E. 47 at 4 (emphasis in original); see also id. at 5 ("Even if Blodgett were to file an amended complaint that cured those deficiencies, the Court will require that it be filed as a separate civil action.").) Despite that order, Plaintiff continues to raise the issue, and to profess ignorance that it has already been decided, two years later.

25, 2006 and October 13, 2006, her motion is DENIED for the reasons previously stated. No further amendments to the complaint will be permitted. To the extent that Plaintiff, by seeking an amendment to the caption of the summons, seeks to have parties reinstated who were dismissed by orders issued on February 28, 2008 and March 14, 2008, her motion is DENIED.

The numerous, repetitive motions filed, or attempted to be filed, by Plaintiff since the issuance of the February 28, 2008 order makes clear that the restrictions imposed to date are insufficient to ensure the orderly progress of this litigation. The Court therefore imposes the following additional restrictions on Plaintiff's filing privileges:

> 10. The Clerk is directed not to file any document submitted by Plaintiff that identifies her as a qui tam plaintiff. This is not a qui tam action on behalf of the United States.[12]

> 11. Court staff will not be required to assume the burden of affixing new cover pages to documents that have been rejected so that Plaintiff can resubmit them. All documents submitted for filing must be complete.

Plaintiff is NOTIFIED that the Court cannot and will not consider multiple, redundant motions concerning matters that have already been ruled upon. The decisions to dismiss the various claims with prejudice, to deny leave to amend, to dismiss any claims asserted by James G. Blodgett, Jr., and to dismiss all claims brought on behalf of a class, are final and will no longer be revisited. It is not fair to Defendant or to the other litigants with cases pending before this Court to devote further resources to this matter. Until Defendant has been served and the time to respond has expired, Plaintiff is ORDERED to make no further filings in this matter. Any papers submitted in violation of this order will result in dismissal of the remainder of the

---

[12] Plaintiff sought to assert a qui tam claim in one of the proposed amendments submitted after September 25, 2006 that was not filed by the Clerk for reasons discussed at length in previous orders. The Court has not given Plaintiff leave to amend her complaint to assert a claim on behalf of the United States pursuant to the False Claims Act, 31 U.S.C. § 3729 et seq.

complaint with prejudice, pursuant to Fed. R. Civ. P. 41(b).

<u>Powers</u>, No. 05-2468-STA/tmp, D.E. 89 at 1-5.

On April 21, 2008, Powers' previous case was reassigned to the undersigned judge. Plaintiff failed to effect service on the remaining SOX claim and the case was dismissed on August 26, 2008. <u>Powers</u>, No. 05-2468, D.E. 104. Plaintiff appealed and her appeal was dismised on March 24, 2009. <u>Powers</u>, No. 05-2468, D.E. 120.

On October 10, 2008, Plaintiff Powers filed the present action against many of the same defendants. She substituted then present administrative and state officials for those no longer in office. Plaintiff characterizes the complaint as a "joined companion pleading" (D.E. 1 at 1-2, n. 1), to the complaint in <u>Powers</u>, No. 05-2468, because "joined Plaintiffs were unlawfully denied the right . . . to amend their June 30, 2005 joined pleading" in <u>Powers</u>, No. 05-2468-STA/tmp. (<u>Id.</u>) Plaintiff Powers alleges that because <u>Powers</u>, No. 05-2468-STA/tmp, was on appeal, she was filing this complaint as a "good faith, diligent effort to further preserve all pro se plaintiffs [sic] constitutional and civil rights to redress in the federal courts." (<u>Id.</u>)

Plaintiff was prohibited from filing the present complaint in <u>Powers</u>, No. 05-2468-STA/tmp, because it clearly violates Judge Breen's orders. Plaintiff again attempts to bring a class action and signs the complaint as a <u>qui tam</u> Plaintiff. Furthermore, the complaint does not contain the complaints or orders from

Plaintiff's administrative proceedings, fails to demonstrate a basis for the Court's jurisdiction, and fails to comply with the Federal Rules of Civil Procedure. The complaint specifically references claims and administrative proceedings surrounding her termination for participating in whistleblower activities that were dismissed with prejudice by Judge Breen in <u>Powers</u>, No. 05-2468.

Powers' claims are all fully within the scope her previous case and are barred by both the claim and issue preclusion branches of the res judicata doctrine. <u>See</u> C. Wright, <u>Law of Federal Courts</u>, § 100A at 680, 682 (1983). "A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that **were** or **could have been raised** in that action." <u>Federated Dept. Stores, Inc. v. Moitie</u>, 452 U.S. 394, 398 (1981)(emphasis added). To apply the doctrine of res judicata, three elements must be present: (1) judgment on the merits in an earlier action; (2) identity of the parties or their privies in the two suits; and (3) identity of the cause of action or claims between both suits. <u>Blonder-Tongue Laboratories v. Univ. of Ill. Foundation</u>, 402 U.S. 313, 323-24 (1971); <u>Brzostowski v. Laidlaw Waste Sys., Inc.</u>, 49 F.3d 337, 338 (7th Cir. 1995); <u>Wade v. Hopper</u>, 993 F.2d 1246, 1252 (7th Cir. 1993). These factors exist in this case.

These claims against the previous and present defendants either were raised or could have been raised in the first filed action.

> Where a plaintiff has sued parties in serial litigation over the same transaction; where plaintiff chose the original forum and had the opportunity to raise all its claims relating to the disputed transaction in the first action; where there was a "special relationship" between the defendants in each action, if not complete identity of parties; and where although the prior action was concluded, the plaintiff's later suit continued to seek essentially similar relief--the courts have denied the plaintiff a second bite at the apple.

Lubrizol Corp. v. Exxon Corp., 871 F.2d 1279, 1288 (5th Cir. 1989).

See also The Restatement (Second) Judgments § 51 (1982).

As Plaintiff's complaint fails to state a claim and is clearly barred by res judicata, the entire complaint lacks an arguable basis either in law or in fact and is, therefore, frivolous. See Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). The Court DISMISSES the complaint as frivolous and for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. §§ 1915( e)(2)(B) (i) and (ii). Judgment shall be entered for Defendants.

The Court must also consider whether Plaintiff should be allowed to appeal this decision in forma pauperis, should she seek to do so. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal _in forma pauperis_ must obtain pauper status under Fed. R. App. P. 24(a). See Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that if a party was permitted to proceed _in forma pauperis_ in the district court, she may also proceed on appeal _in forma pauperis_ without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed _in forma pauperis_ in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. The same considerations that lead the Court to dismiss the case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal _in forma pauperis_. Leave to proceed on appeal _in forma pauperis_ is, therefore, DENIED. If Plaintiff files a notice of appeal, she must

also pay the full $455 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.

IT IS SO ORDERED this 29th day of March, 2012.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE